[No. B021381. Second Dist., Div. Six. Aug. 11, 1987.]

CAROLINE RODRIGUEZ RAYGOZA et al., Plaintiffs and Respondents, v.
BETTERAVIA FARMS et al., Defendants;
INDUSTRIAL INDEMNITY, Appellant.

COUNSEL

Archbald & Spray, Heather Georgakis and Douglas B. Large for Appellant.

Patricia Gomez and Ernst & Mattison for Plaintiffs and Respondents.

OPINION

**ABBE, J.**—Appeal from a court order imposing sanctions for participating in a voluntary, privately conducted settlement conference without full authority to settle. We reverse.

Respondents filed this action to recover damages for personal injuries arising from an automobile accident. The defendants in the action are insured by appellant.

The parties agreed to have a voluntary settlement conference on January 6, 1986, before a retired superior court judge, whose fees for such services were to be shared equally by the parties. The conference was continued to March 5 by agreement of the parties.

At the hearing on March 5, the retired judge suggested a settlement figure of $200,000. This amount exceeded the settlement authority of the representative of the insurance company present at the hearing. He required approval to settle for that sum from the "home office." The voluntary settlement conference was continued to March 24.

On March 13, counsel for respondents notified appellant she would not attend any further voluntary settlement conferences because of the insurance company's representative's lack of sufficient authority to settle on March 5. She filed a motion for sanctions seeking attorney's fees and costs incurred in attending the March 5 conference. This motion was noticed for hearing on April 11.

Prior to March 24, respondents agreed to accept a $500 offer of appellant to resolve the motion for sanctions. Appellant also agreed to and did pay the retired judge's fees. It was agreed that neither side would appear in court at the April 11 hearing date and the motion was to be taken off calendar.

On April 11 an attorney from the law offices of counsel for appellant happened to be in court on another matter. When respondents' motion was called, the attorney informed the judge that the parties had independently settled the sanction motion and requested the matter be taken off calendar. This request was denied and the court, on its own motion, continued the matter to April 28 and ordered appellant to show cause on April 28 why "additional sanctions should not be imposed pursuant to [California Rules of Court] rule 227."

On April 25, appellant made an offer to settle the case pursuant to Code of Civil Procedure section 998 in the amount suggested by the retired judge on March 5. This offer was accepted by respondents in June.

After the hearing on April 28, the court ordered appellant to pay to Santa Barbara County the sum of $500 for failing to participate in good faith at the voluntary settlement conference on March 5 "by failing to have a representative present who had authority to settle the case." The order was made pursuant to rule 227 of the California Rules of Court. ▆▆ We find the trial court acted in excess of its jurisdiction and reverse.

Rule 227 authorizes a court to impose sanctions against any party who fails to participate in good faith in any conference ordered by the court or which the rules require. The person at fault may be required, among other things, to ". . . reimburse or make payment to the county . . . ."

▆▆ If a voluntary settlement conference is held by the parties which is not required by the rules or by a court order, the court has no authority to make an order of reimbursement or payment to the county pursuant to rule 227.

Rule 222 provides for mandatory settlement conferences and authorizes other or additional conferences upon request of all parties or by order of court. Trial counsel, parties and persons with authority to settle the case must personally attend such conferences unless excused by the court for good cause. The rule also requires that no later than five days before the settlement conference, each party claiming damages shall file and serve a statement of a settlement demand and an itemization of damages.

▆▆ We construe rule 222 to pertain only to mandatory or voluntary settlement conferences supervised by the court. It does not apply to a voluntary settlement conference before a private person arranged by the parties without request of or notice to the court, which was not on the court calendar and where the parties were not required to and did not file settle-

ment conference statements and was held without use of the court's facilities and at no cost to the county.

■ The inherent power of the court to impose sanctions is not limitless. (See *Bauguess* v. *Paine* (1978) 22 Cal.3d 626 [150 Cal.Rptr. 461, 586 P.2d 942].) It may do so pursuant to its power to punish for contempt or pursuant to authorization by statute or rule of court.

Code of Civil Procedure section 1209, subdivisions (a)5 and (a)8 provide that disobedience of any lawful judgment, order or process of the court or any other unlawful interference with the process or proceedings of a court are contempts of the authority of the court.

■ "In its most comprehensive sense, the term 'process' is synonymous with 'proceeding' and embraces the entire proceedings in an action from beginning to end." (*Lister* v. *Superior Court* (1979) 98 Cal.App.3d 64, 69 [159 Cal.Rptr. 280].) The *Lister* court pointed out that the term "proceeding" or "proceedings" as used in Code of Civil Procedure section 1209 ". . . refers to something done or to be done in a court of justice or before a judicial officer." (*Id.,* at p. 70.)

■ The order imposing sanctions here is not authorized by the contempt powers of the court because the voluntary settlement conference did not involve any court proceeding or process.

Since the order imposing sanctions here could not be made pursuant to either rules 227 or 222 of the California Rules of Court, or the contempt powers of the court, the court order was in excess of its jurisdiction.

The judgment is reversed. Each party to bear their own costs on appeal.

Stone, P. J., and Gilbert, J., concurred.

A petition for a rehearing was denied September 9, 1987, and respondents' petition for review by the Supreme Court was denied November 18, 1987.